**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2612
_____

United States of America,    *
                             *
        Appellee,            *
                             *
    v.                       *
                             *
Joe Willis Higgins,          *
                             *
        Appellant.           *


_____                          Appeals from the United
States
    No. 97-2614                      District Court for the
_____                          Eastern District of
Arkansas.

United States of America,    *       [UNPUBLISHED]
                             *
        Appellee,            *
                             *
    v.                       *
                             *
James Dewey Hambrick,        *
                             *
        Appellant.           *
                 _____


                                     Submitted: February 17,
1998
                                         Filed: March 23,
1998

                 _____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Joe Willis Higgins and James Dewey Hambrick were charged with aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2.  On appeal, Higgins challenges the sentence imposed on him by the district court[1] after he pleaded guilty, and Hambrick challenges his conviction following a jury trial.  We affirm.

Higgins argues, as he did below, that the Guidelines sentencing scheme, which imposes a 100-to-1 ratio for crack cocaine as opposed to powder cocaine offenses, violates his Fifth Amendment right to due process and equal protection.  This challenge is foreclosed by our prior decisions upholding the constitutionality of the 100-to-1 ratio, see, e.g., United States v. Carter, 91 F.3d 1196, 1197-99 (8th Cir. 1996) (per curiam); United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995), cert. denied, 116 S. Ct. 1684 (1996), and we are bound by those rulings, see United States v. Prior, 107 F.3d 654, 660 (8th Cir.) (one Eighth Circuit panel may not overrule another panel's decision), cert. denied, 118 S. Ct. 84 (1997).

Hambrick challenges his conviction on the basis that the court's aiding-and-abetting jury instruction failed to indicate that one who is merely a knowing spectator

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

cannot be found guilty of aiding and abetting. We will reverse a district court on an instructional issue only when the court has abused its wide discretion in formulating jury instructions, and we will not disturb a jury's verdict if the instructions, viewed as a whole, fairly and adequately contain the law applicable to the case. See United States v. Cunningham, 83 F.3d 218, 221 (8th Cir. 1996). Although a defendant is entitled to

have a requested instruction submitted to the jury if it is timely submitted, adequately states the law, and is supported by the evidence, the defendant is not entitled to a particularly worded instruction where the instruction given by the district court adequately and correctly covers the substance of the requested instruction.  See United States v. Williams, 109 F.3d 502, 508 (8th Cir.), cert. denied, 118 S. Ct. 303 (1997).

The court's instructions required the jury to find--in order to conclude he was guilty--that Hambrick was present, knew the crime was being committed, **and** knowingly assisted that crime.  The instructions correctly stated the elements of the offense and permitted Hambrick to argue his theory of defense.  The court did not abuse its discretion in instructing the jury.

Accordingly, we affirm Higgins's sentence and Hambrick's conviction.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-